UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO WINDING WAY APARTMENTS LP, <br><br> Plaintiff, <br><br> v. <br><br> GEORGINA L. MARTIN, <br><br> Defendant. | No. 2:18-cv-00012-TLN-KJN <br><br> **ORDER REMANDING CASE** |

This matter is before the Court pursuant to Defendant Georgina L. Martin's ("Defendant") Notice of Removal and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) For the reasons set forth below, Defendant's motion to proceed in forma pauperis is GRANTED. The Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 29, 2017, Plaintiff Sacramento Winding Way Apartments LP ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Sacramento. (Not. of Removal, ECF No. 1 at 2.) On January 4, 2018, Defendant filed a Notice of Removal in the United States District Court for the Eastern District of California. (ECF No. 1.) Defendant

1

asserts that removal is proper because (i) "[t]he complaint presents federal questions" and (ii) "[f]ederal question jurisdiction exists because Defendants [sic] pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at ¶¶ 4, 7.) For the reasons stated below, this Court finds that subject matter jurisdiction does not exist and thus this case must be remanded.

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2.) Defendant argues that jurisdiction is proper under 28 U.S.C. § 1441(a) or (b).[1]

---

[1] Defendant fails to explain how or why subject matter jurisdiction exists under 28 U.S.C. § 1441(b). In fact, other than Defendant's passing mention of §1441(b), Defendant fails to discuss diversity jurisdiction. Nonetheless, this Court discusses below why removal is improper under §1441(b).

1 | (ECF No. 1 at 2.)  For jurisdiction to exist under § 1441(a), a federal question must be presented
2 | on the face of the plaintiff's properly pleaded complaint.  *Caterpillar*, 482 U.S. at 392.  Here,
3 | Defendant states without explanation that the "complaint presents federal questions."  (ECF No. 1
4 | at ¶ 4.)  However, Plaintiff's complaint for unlawful detainer does not present a federal question
5 | on its face.  *See, e.g.*, *DVP, LP v. Champ*, No. 1:15-cv-00074-LJO-SKO, 2015 WL 12681672, at
6 | *2 (E.D. Cal. Jan. 29, 2015) ("[A]n unlawful detainer action, on its face, fails to raise a federal
7 | question.").  Defendant further claims that her Answer implicates federal questions because it
8 | requires a "determination of Defendant's rights and Plaintiff's duties under federal law."  (ECF
9 | No. 1 at ¶ 7.)  An answer cannot confer federal question jurisdiction on this Court.  *See Vaden*,
10 | 556 U.S. at 60 (explaining federal jurisdiction can neither be "predicated on an actual or
11 | anticipated defense" nor "rest upon an actual or anticipated counterclaim").

12 | To the extent Plaintiff's notice of removal seeks removal on the basis of Section 1441(b),
13 | this too fails.  Section 1441(b) allows for a case to be removed to federal court on the basis of
14 | diversity jurisdiction if the requirements of 28 U.S.C. § 1332(a) are met.  Section 1332(a) confers
15 | diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000,
16 | exclusive of interest and costs, and is between—(1) citizens of different States."  In an unlawful
17 | detainer action, only the right to possession of the property is at issue, not the title.  *See Deutsche*
18 | *Bank Nat'l Trust Co. v. Yanez*, ED-15-CV-02462-VAP-DTBx, 2016 WL 591752, at *2 (C.D. Cal.
19 | February 11, 2016) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)).
20 | Consequently, the amount in controversy is determined by the amount sought in the complaint.
21 | *See id*.  Here, Defendant fails to meet the $75,000 threshold as Plaintiff seeks less than $10,000 in
22 | its complaint.  (*See* ECF No. 1-1 at 3.)

23 | Thus, Defendant has failed to establish the burden of showing that jurisdiction before this
24 | Court is proper, and it is appropriate to remand this case, *sua sponte*, for lack of federal
25 | jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th
26 | Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the
27 | removed action *sua sponte,* whether the parties raised the issue or not.").
28 | / / /

## IV. CONCLUSION

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Sacramento. In removing this case, Defendant filed a motion to proceed in forma pauperis. (*See* ECF No. 2.) The Court has reviewed this motion and finds that Defendant meets the requirements of in forma pauperis status and thus grants Defendant's request.

IT IS SO ORDERED.

Dated: January 8, 2018

Troy L. Nunley
United States District Judge